

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**
600 Third Avenue | New York, NY 10016-1915 | **bsk.com**

**STEPHEN A. DONATO, ESQ.**
donatos@bsk.com

Syracuse
P: 315.218.8336
F: 315.218.8436

New York
P: 646.253.2351
F: 646.253.2301

December 18, 2023

**VIA FEDERAL EXPRESS, ELECTRONIC MAIL AND CM/ECF**

The Continental Insurance Company
151 N. Franklin St., 14th Floor
Chicago, Illinois 60606
Attn: Trisha Tesmer (trisha.tesmer@cna.com)

Mark D. Plevin, Esq. (mplevin@crowell.com)
Crowell & Moring LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111

David Christian, Esq. (dchristian@dca.law)
David Christian Attorneys LLC
105 W. Madison Street, Suite 1400
Chicago, Illinois 60602

Miranda H. Turner, Esq. (mturner@crowell.com)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004

Jeffrey A. Dove, Esq. (jdove@barclaydamon.com)
Barclay Damon, LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

Re: *(i) In re The Diocese of Rochester, Main Case No. 19-20905 (Bankr. W.D.N.Y.); (ii) The Continental Insurance Company v. The Diocese of Rochester, Adv. Pro. 23-02014 (Bankr. W.D.N.Y.); and (iii) The Diocese of Rochester v. The Continental Insurance Company, et al., Adv. Pro. 19-02021 (Bankr. W.D.N.Y.)*

Dear Sirs and Madams:

On behalf of The Diocese of Rochester (the "Diocese"), we write in regard to the *Complaint* [Adv. 23-02014, Docket No. 1] (the "Complaint") and *Application for Allowance and Payment of Administrative Expense Priority Claims for Debtor's Breach of Continental Settlement Agreement* [Main Case Docket No. 2314] (the "Administrative Expense Application") filed by Continental Insurance Company ("CNA") in the above-captioned proceedings.

Through its Complaint and Administrative Expense Application, CNA seeks damages arising from what it alleges to be a breach by the Diocese of a settlement agreement with CNA (Exhibit A to the Administrative Expense Application, the "Proposed Settlement Agreement").[1] For avoidance of any doubt, the Diocese denies that that the Proposed Settlement Agreement constitutes an enforceable contract under applicable New York and federal bankruptcy law, and will soon file with the Bankruptcy Court an objection to the Administrative Expense Application and a motion to dismiss the Complaint.

CNA cannot enforce the Proposed Settlement Agreement against the Diocese, and therefore cannot establish a claim for breach because, among other reasons:

> (i) the Proposed Settlement Agreement was never executed by the Diocese nor by any of the more than one hundred Diocese Participating Parties. *See* Proposed Settlement Agreement at pp. 23-130 (blank signature pages); *Scheck v. Francis*, 26 N.Y.2d 466, 469-70 (1970) ("It is well established that, if the parties to an agreement do not intend it to be binding on them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed.").
>
> (ii) the Proposed Settlement Agreement by its terms becomes effective only upon the occurrence of the "Settlement Agreement Effective Date," and the occurrence of the Settlement Agreement Effective Date is itself dependent upon the satisfaction of at least four separate conditions precedent, none of which have been satisfied. *See* Proposed Settlement Agreement at §§ 1.1.41 and 8.21; *Kapson Const. Corp. v. ARA Plumbing & Heating Corp.*, 227 A.D.2d 484, 484 (2d Dep't 1996) ("Since the existence of the contract was premised on the satisfaction of a condition precedent, no contract arises unless and until the condition occurs.") (internal quotations omitted).
>
> (iii) the Bankruptcy Court has not approved the settlement of the Diocese's Coverage Disputes or the sale of Diocese Policies to CNA as required under section 363 of the Bankruptcy Code, nor has it authorized the Diocese to enter into the Proposed

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Proposed Settlement Agreement.

> Settlement Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Without in any way limiting the foregoing, and reserving all rights with respect thereto, the Diocese calls your attention to section 5.2 of the Proposed Settlement Agreement which provides:

> Each of the Diocese or Continental may terminate this Settlement Agreement upon thirty (30) days written notice to the other Party in the event any of the following occurs prior to the Settlement Agreement Effective Date: (i) the Approval Order and the Plan Confirmation Order are not entered within eighteen (18) months from the date on which the Settlement Agreement is executed by all the Parties . . . ."

On May 20, 2022, the Diocese filed its *Motion to Approve Proposed Insurance Settlements to Fund Survivor Compensation Trust* [Adv. Pro. 19-02021, Docket No. 190] (the "9019 Motion"), seeking Bankruptcy Court Approval of the Proposed Settlement Agreement with CNA, as well as proposed settlement agreements with three other insurers.

Notably, the Proposed Settlement Agreement attached to the 9019 Motion is unsigned, and the 9019 Motion makes references throughout to "*proposed* settlement agreements" and "*proposed* settlements." *See* 9019 Motion at ¶¶ 6, 7, 38, 39, 47, 50, 51, 52, 54, 57, 58, 60, 61, 62, 64, 65, 66, 67, 68, 72, 74, 76, 80, 82, 83, 84, 85, 89, 90, 91, 92, 93 (emphasis added). Moreover, in its prayer for relief in the 9019 Motion, the Diocese expressly sought *authorization* from the bankruptcy court to enter into the *proposed settlement agreements* presented therein. *Id*. at p. 37 (emphasis added). Accordingly, it is clear that the Diocese had no expectation that the Proposed Settlement Agreement would be binding as a contractual commitment at least until and unless the Bankruptcy Court granted its approval to enter into such agreement. Nevertheless, without in any way waiving any of the Diocese's rights and defenses with respect to the enforceability (if any) of the Proposed Settlement Agreement, in an abundance of caution, to the extent the Diocese or any of the Diocese Participating Parties may be held to have adopted or agreed to be bound by the Proposed Settlement Agreement merely by submitting the same to the Bankruptcy Court for approval, and more than eighteen (18) months having elapsed since the filing of the 9019 Motion, the Diocese hereby provides notice, in accordance with section 5.2 of the Proposed Settlement Agreement, of its termination of the Proposed Settlement Agreement effective thirty (30) days from the date hereof. To the extent the Proposed Settlement Agreement ever had any legal effect (which the Diocese does not concede), in accordance with section 5.3 thereof, upon such termination, "all Parties shall retain all of their Interests, rights and obligations relating to the Diocese Policies as if [the Proposed Settlement Agreement] had never existed."

In summary, the Diocese respectfully submits that CNA cannot establish (i) that the Proposed Settlement Agreement was ever enforceable or binding against the Diocese, (ii) that the Diocese breached any obligation to CNA (including any anticipatory breach or repudiation of any such obligation), or (iii) that CNA suffered any damages as a result of any action or inaction by the

Diocese. Accordingly, the Diocese further submits that CNA cannot prevail on either its Complaint or its Administrative Expense Application, and that both should be withdrawn, with prejudice.

Nothing set forth herein should be construed or interpreted to be an admission by the Diocese as to the enforceability or legal effect of the Proposed Settlement Agreement, nor a waiver of any right, claim or defense the Diocese may have against CNA, all of which are hereby expressly reserved.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Stephen A. Donato

cc: James R. Murray, Esq. (via electronic mail)
     James S. Carter, Esq. (via electronic mail)
     Charles J. Sullivan, Esq. (via electronic mail)
     Grayson T. Walter, Esq. (via electronic mail)