UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

Debtor.

Chapter 11

Case No. 19-20905

**CONTINENTAL INSURANCE COMPANY'S MOTION FOR ESTIMATION OF CONTINENTAL ADMINISTRATIVE EXPENSE CLAIM FOR PURPOSES OF CONSIDERING CONFIRMATION OF THE DEBTOR'S PLAN ONLY**

The Continental Insurance Company ("Continental") hereby requests entry of an order estimating the Continental Administrative Expense Claim (as defined below) for purposes of considering confirmation of the *Second Amended Joint Chapter 11 Plan of Reorganization for the Diocese of Rochester* [Docket No. 2426] filed on January 12, 2024 (as it may be amended, the "Debtor's Plan") only. In support of thereof, Continental respectfully states as follows:

**Jurisdiction**

1. On September 12, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") commencing the above-captioned bankruptcy case (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court" or this "Court").

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This motion is brought pursuant to, *inter alia*, sections 105(a) and 1129(a)(9)(A) of the Bankruptcy Code.

**Relief Requested**

6. By this motion, Continental respectfully requests that the Court enter an order, in conjunction with consideration of confirmation of the Debtor's Plan only, estimating the amount of the Continental Administrative Expense Claim, not for purposes of distribution, but for purposes of making findings of fact and conclusions of law concerning whether the Debtor's Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code and can be confirmed.

**Background**

7. The Court will consider confirmation of the Debtor's Plan pursuant to procedures and on a schedule set forth in the *Stipulation and Order Regarding Scheduling of Various Matters* [Docket No. 2280] (the "Scheduling Order").[1]

8. The Scheduling Order contemplated the filing by Continental of (a) an adversary complaint for breach of the Debtor's settlement agreement with Continental, and (b) an application for administrative expense treatment of Continental's claims related to the Debtor's breach. *See* Scheduling Order, ¶ M.

9. On November 7, 2023, consistent with paragraph 4 of the Scheduling Order, Continental timely filed its (a) *Application for Allowance and Payment of Administrative Expense Priority Claims for Debtor's Breach of Continental Settlement Agreement* [Docket No. 2314] (the "Application"), and (b) *Adversary Complaint* [Docket No. 2312; Adv. Proc. 23-02014, Docket No. 1] (the "Complaint").

---

[1] The Scheduling Order also governs the request for confirmation of the CNA Plan, but this motion does not relate to the CNA Plan because Continental will release the Continental Administrative Expense Claim under the CNA Plan.

Case 2-23-02014-PRW, Doc 18, Filed 01/30/24, Entered 02/07/24 10:50:53, Description: Main Document , Page 2 of 6

10. In response, the Debtor filed its *Objection to the Application of the Continental Insurance Company for Allowance and Payment of Alleged Administrative Expense Priority Claims* [Docket No. 2406] (the "Debtor's Objection") and a *Motion to Dismiss the Adversary Complaint of The Continental Insurance Company* [Adv. Proc. 23-02014, Docket No. 8] (the "Debtor's Motion"). The Official Committee of Unsecured Creditors also filed *The Official Committee of Unsecured Creditors' Consolidated Motion to Dismiss the Complaint in Adversary Proceeding Number 23-AP-2014 and to Deny Continental Insurance Company's Application for Allowance and Payment of Administrative Expense Priority Claims for Debtor's Breach of Continental Settlement Agreement* [Docket No. 2408; Adv. Proc. 23-02014, Docket No. 10] (the "Committee's Motion," and collectively with the Debtor's Objection and the Debtor's Motion, the "Objections").

11. On January 16, 2024, Continental replied to the Objections in *Continental's Omnibus Reply in Support of Application for Allowance of Payment of Administrative Expense Priority Claims and Objection to Motions to Dismiss Adversary Complaint for Debtor's Breach of Continental Settlement Agreement* [Docket No. 2433; Adv. Proc. 23-02014, Docket No. 15].

12. On January 30, 2024, the Court convened a hearing on the Application and the Objections (including the motions to dismiss the Complaint) and heard oral argument. At the end of the hearing, the Court took the matters under advisement.

13. In the Scheduling Order, the parties and the Court made provision for a scenario where the Objections have not been "sustained in their entirety," in which case a party is permitted (but not required) to file a motion to estimate the Continental Administrative Expense Claim. *See* Scheduling Order, ¶ 5.

14. "If a Motion to Estimate is filed no later than January 30, 2024, it shall be heard at the same date as the confirmation hearing." *Id.*

-3-

Case 2-23-02014-PRW, Doc 18, Filed 01/30/24, Entered 02/07/24 10:50:53, Description: Main Document , Page 3 of 6

15. Accordingly, Continental files this motion for purposes of providing for the Court to estimate the Continental Administrative Expense Claim in conjunction with the hearing on confirmation of the Debtor's Plan only.

**Argument**

16. In order to confirm the Debtor's Plan, the Court must determine that, [e]xcept to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that—(A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim." 11 U.S.C. § 1129(a)(9).

17. Continental has not agreed to different treatment of the Continental Administrative Expense Claim under the Debtor's Plan.

18. The Debtor has repeatedly represented to the Court that it is contributing substantially all of its available assets to fund the Abuse Claims addressed by the Debtor's Plan.

19. Therefore, if the Continental Administrative Expense Claim is allowed in a substantial amount, the Debtor will be unable to meet the requirement for confirmation that it pay the Continental Administrative Expense Claim in full, in cash, on the effective date of the Debtor's Plan.

20. Granting this motion would thus assist the Court in performing its role at the confirmation hearing before holding a trial and entering a final order on Continental's Application or a final judgment on Continental's Complaint.[2]

---

[2] Continental has no objection to the Court addressing its Application and Complaint on the merits prior to, or during, the confirmation hearing, but Continental files this motion in the event that the Court decides not to do so by final order or judgment.

21. Estimating the Continental Administrative Expense Claim for purposes of evaluating whether the Debtor's Plan can be confirmed is consistent with the Court's exercise of its core bankruptcy function and comports with conventional practice in chapter 11 cases. Specifically, bankruptcy courts like this one must routinely satisfy themselves that a chapter 11 debtor can pay its administrative expense claims (often including undetermined professional fees being incurred during and after a confirmation hearing) on the effective date of a plan. This motion seeks analogous relief in the context of this case with respect to the Continental Administrative Expense Claim. *See In re MacDonald*, 128 B.R. 161, 164 (Bankr. W.D. Tex. 1991) ("The estimation of an unliquidated or contingent administrative claim such as the post-petition tort claim is essential prior to the hearing on confirmation of a plan, in order for the court to evaluate the feasibility of the plan without unduly delaying the confirmation process.").

22. Estimation of the Continental Administrative Expense Claim would not prejudice any party because it will (a) not bind any entity to either the final allowance or the determination of the amount for distribution of the Continental Administrative Expense Claim, and (b) facilitate a confirmation hearing on the Debtor's Plan.

## Conclusion

WHEREFORE, Continental respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: January 30, 2024                    Respectfully submitted,

By: /s/ Jeffrey A. Dove
Jeffrey A. Dove
BARCLAY DAMON LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7112
Facsimile: (315) 703-7346
jdove@barclaydamon.com

Mark D. Plevin (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 986-2800
mplevin@crowell.com

David Christian (admitted *pro hac vice*)
DAVID CHRISTIAN ATTORNEYS LLC
105 West Madison Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

Miranda H. Turner (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
mturner@crowell.com

*Attorneys for The Continental Insurance Company, successor by merger to Commercial Insurance Company of Newark, New Jersey and Firemen's Insurance Company of Newark, New Jersey*

-6-

Case 2-23-02014-PRW, Doc 18, Filed 01/30/24, Entered 02/07/24 10:50:53, Description: Main Document , Page 6 of 6