United States Bankruptcy Court
Western District of New York

THE CONTINENTAL INSURANCE COMPANY, succe,

    Plaintiff

The Diocese of Rochester,

    Defendant

Adv. Proc. No. 23-02014-PRW

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0209-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 01, 2024 | Form ID: pdforder | Total Noticed: 3 |

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 03, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| | + | Mark Bruh, Esq., Office of US Trustee, Alexander Hamilton Custom house, 1 Bowling Green, Suite 534, New York, NY 10004-1459 |
| dft | + | The Diocese of Rochester, 1150 Buffalo Road, Rochester, NY 14624-1890 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: ustpregion02.ro.ecf@usdoj.gov | Mar 01 2024 18:22:00 | Office of the U.S. Trustee, 100 State Street, Room 6090, Rochester, NY 14614-1315 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Mar 03, 2024      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 1, 2024 at the address(es) listed below:

**Name**      **Email Address**

David C. Christian, II
     on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey dchristian@dca.law

Ilan D Scharf
     on behalf of Interested Party Official Committee of Unsecured Creditors ischarf@pszjlaw.com lcanty@pszjlaw.com;nrobinson@pszjlaw.com;bdassa@pszjlaw.com

Jeffrey Austin Dove
    on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey jdove@barclaydamon.com, avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Mark D. Plevin
    on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey mplevin@crowell.com, mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Miranda Turner
    on behalf of Plaintiff THE CONTINENTAL INSURANCE COMPANY successor by merger to Commercial Insurance Company of Newark, New Jersey, and Fireman's Insurance Company of Newark, New Jersey mturner@crowell.com

Stephen A. Donato
    on behalf of Defendant The Diocese of Rochester sdonato@bsk.com ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

TOTAL: 6

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
_____

In re:

    The Diocese of Rochester,                  Bankruptcy Case No. 19-20905-PRW
                                                               Chapter 11

                          Debtor,

_____

The Continental Insurance Company, successor
    by merger to Commercial Insurance
    Company of Newark, New Jersey, and
    Fireman's Insurance Company of
    Newark, New Jersey,

                 Plaintiff,                  Adversary Proceeding No. 23-2014-PRW

    v.

The Diocese of Rochester,

                 Defendant.

_____

**DECISION AND ORDER
DENYING MOTION TO DISMISS COMPLAINT
AND DIRECTING PARTIES TO MEET AND CONFER
FOR THE PURPOSE OF PREPARING A PROPOSED
SCHEDULE FOR AN ACCELERATED TRIAL
OF THIS ACTION AND THE RELATED REQUEST
FOR ESTIMATION OF CNA'S § 503 CLAIM**

PAUL R. WARREN, U.S.B.J.

    Continental Insurance Company ("CNA") commenced this action against the Diocese by filing a Complaint alleging that the Diocese breached a settlement agreement with CNA. (ECF AP No. 1). CNA has also requested that the Court conduct a trial, either in advance of a

confirmation hearing or as part of a confirmation hearing, to estimate the value of CNA's administrative claim under § 503 of the Code. (ECF AP No. 18).

The Diocese moved to dismiss the Complaint under Rule 12(b)(6) FRCP, made applicable to this action by Rule 7012 FRBP. The issue is *not* whether CNA will prevail on its claims for breach of contract (despite the unceasing efforts of the Diocese to have the Court focus on the merits of the CNA claims). Instead, the narrow issue presented is whether CNA's Complaint alleges sufficient facts to state a claim for breach of contract that is plausible enough to survive a motion to dismiss.

For the reasons that follow, the Diocese's motion to dismiss CNA's Complaint under Rule 12(b)(6) is **DENIED**.[1] The Diocese and Committee's objections to CNA's Application for Administrative Claim status (ECF BK No. 2406, 2407, 2413) and CNA's Motion for Estimation of its alleged administrative claim (ECF BK Nos. 2314, 2453) will be considered in connection with an expedited trial to determine the merits of CNA's Complaint.

## I.

## JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. The proceeding is core, under 28 U.S.C. § 157(b)(2)(A).

---

[1] The Committee filed a consolidated motion seeking dismissal of the Complaint as well as denial of CNA's administrative expense claim. (ECF AP No. 10). The arguments made in the Committee's motion exclusively challenge CNA's application for an administrative expense claim and, apart from a "Joinder and Reservation of Rights" (ECF AP No. 10 ¶¶ 46-47), by which the Committee joins in the Diocese's motion to dismiss, the Committee asserts no independent basis to dismiss the Complaint. Accordingly, the Court's denial of the Diocese's motion under Rule 12(b)(6) is necessarily a denial of the Committee's motion to dismiss.

2

## II.

## APPLICABLE LEGAL STANDARDS

This lawsuit is in its infancy—colloquially called its "pleading stage." It is important to understand that, because we are only at the pleading stage, the issue before the Court is very narrow, requiring that the Court's field of vision be limited. The Court is not tasked with deciding whether CNA or the Diocese "will ultimately prevail [in this litigation] but whether [CNA] is entitled to offer evidence to support the claims." 2 Moore's Federal Practice, § 12.34[1][a] (Matthew Bender 3d ed.) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). So, while the Abuse Survivors may be frustrated and wish that the Court would just get on with it, the Chapter 11 case and its related litigation is complex and not the stuff of simple solutions.

A. **Rules 8(a) and 8(d)(1)**

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) FRCP. "Rule 8(a)(2)'s purpose is to give the defendant fair notice of what the claim is *and the grounds upon which it rests*." *LaCroix v. Western Dist. of Ky.*, 627 Fed. App'x 816, 818 (11th Cir. 2015) (emphasis added) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Rules of Civil Procedure require that the allegations in the complaint "must be simple, concise, and direct" and that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rules 8(d)(1) & 10(b) FRCP. The word claim denotes "the aggregate of operative facts which give rise to a right enforceable in the courts." *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 189 (2d Cir. 1943).

## B. Rule 12(b)(6) FRCP

When considering a motion under Rule 12(b)(6), seeking dismissal of a complaint for failure to state a claim upon which relief can be granted, the Court must accept factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). The Court is required to draw reasonable inferences from the complaint in favor of the plaintiff, in determining whether the plaintiff provides "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016); *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citation omitted). A complaint is plausible on its face when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the facts alleged in a complaint may turn out to be "self-serving and untrue," "a court at this stage of [a] proceeding is not engaged in an effort to determine the true facts. The issue is simply whether the facts the plaintiff alleges, if true, are plausibly sufficient to state a legal claim." *Columbia Univ.*, 831 F.3d at 48. The court should not consider facts outside "the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002)); *In re Cornerstone Homes, Inc.*, 567 B.R. 37, 45-46 (Bankr. W.D.N.Y. 2017) (Warren, J.). "A motion asserting failure to state a claim typically does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Galante v. Ocwen Loan Servicing LLC*, No. ELH-13-1939, 2014 U.S. Dist. LEXIS 98049, at *25

4

(D. Md. July 18, 2024) (internal quotation marks omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).

## III.

## APPLICATION OF LEGAL STANDARDS
## TO COMPLAINT

### A. <u>Breach of Contract (First Cause of Action)</u>

For its first cause of action, CNA alleges that the Settlement Agreement between it and the Diocese is a contract, that the Diocese has breached that contract, that CNA performed as required, and that CNA has been damaged as a result of the breach by the Diocese. (ECF AP No. 1 ¶¶ 47-50). The Settlement Agreement includes a provision by which the Settlement Agreement is to be "construed in accordance with New York law." (ECF AP No. 3 at 21 ¶ 8.19). To adequately plead a cause of action for breach of contract under New York law, the plaintiff must allege facts showing that: (1) the parties entered into an agreement containing certain terms; (2) the plaintiff did what the agreement required them to do; (3) the defendant did not do what the agreement required them to do; and (4) the failure of the defendant to do what the agreement required caused a loss or will cause a loss to the plaintiff. *Meloni v. RGM Distrib., Inc.*, 201 F. Supp. 3d 360, 370 (E.D.N.Y. 2016) (citations omitted).

In the Complaint, CNA alleges that the Diocese entered into a contract with CNA (in the form of a settlement agreement) by which CNA would buy back the insurance policies it had issued to the Diocese for $63.5 million, which amount would be contributed to a trust for the benefit of Abuse Survivors. (ECF AP No. 1 ¶ 17). The parties finalized a Settlement Agreement memorializing their contract. (*Id.* at ¶ 18). CNA alleges that it undertook and performed the things it was required to do under the Settlement Agreement. (*Id.* at ¶¶ 47-49). The Diocese filed a motion requesting that the Court approve the Settlement Agreement, as required, but took no

5

Case 2-23-02014-PRW, Doc 22, Filed 03/03/24, Entered 03/04/24 00:30:37, Description: Imaged Certificate of Notice, Page 7 of 12

further steps to obtain the Court's approval. (*Id.* at ¶ 46). The Diocese subsequently entered into a Restructuring Support Agreement with the Committee, and jointly proposed a Chapter 11 Plan with the Committee, the terms of which are inconsistent with the Settlement Agreement. (*Id*. at ¶¶ 50-55). As a result, CNA alleges that it has incurred and will continue to suffer economic damages as a result of the Diocese's breach of the Settlement Agreement. (*Id.* at ¶¶ 56-61).

B.  **Anticipatory Breach of Contract (Second Cause of Action)**

For its second cause of action, CNA alleges that the Settlement Agreement is a valid and enforceable contract, the terms of which CNA has either performed or is willing and able to perform. (ECF AP No. 1 ¶¶ 63-68). To adequately plead a cause of action for anticipatory breach of contract under New York law, the plaintiff must allege facts showing that the defendant/promisor has indicated "a repudiation of [a] contractual duty before the time fixed in the contract for . . . performance has arrived." *Princes Point LLC v. Muss Dev. L.L.C.*, 87 N.E.3d 121, 124 (N.Y. 2017) (quoting 10-54 *Corbin on Contracts* § 54.1 (2017)). The expression of intent not to perform must be "positive and unequivocal." *Princes Point*, 87 N.E.3d at 124 (quoting *Tenavision, Inc. v. Neuman*, 379 N.E.2d 1166, 1168 (N.Y. 1978)). "[A] wrongful repudiation of the contract by one party before the time for performance entitles the nonrepudiating party to immediately claim damages for a total breach." *Princes Point*, 87 N.E.3d at 125 (quoting *American List Corp. v. U.S. News & World Report, Inc.*, 549 N.E.2d 1161, 1164-65 (N.Y. 1989)).

In the Complaint, CNA alleges that by entering into the RSA with the Committee and filing a joint Chapter 11 Plan with the Committee, the Diocese has communicated its positive and unequivocal repudiation of the Settlement Agreement with CNA. (ECF AP No. 1 ¶¶ 69-74).

6

CNA alleges that it has incurred and will continue to incur damages, fees, and expenses flowing from the Diocese's repudiation of the Settlement Agreement. (*Id.* at ¶¶ 75-78).

C. **Applicability of the Plausibility Standard Warrants Denial of the Diocese's Motion to Dismiss**

It bears repeating that, during the threshold review of a Complaint at the pleading stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." 2 Moore's Federal Practice, § 12.34[1][a] (Matthew Bender 3d ed.) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Galante v. Ocwen Loan Servicing LLC*, No. ELH-13-1939, 2014 U.S. Dist. LEXIS 98049, at *24-25 (D. Md. July 18, 2024) (internal quotation marks omitted) (quoting *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013)).

Reminiscent of a trickster running a shell game, the Diocese's motion correctly describes the plausibility standard required to be applied by the Court in determining whether CNA's Complaint can survive the motion to dismiss. (ECF AP No. 9 at 7-8). The motion recognizes that under the *Iqbal-Twombly* precedent, CNA must set out sufficient facts to plausibly **allege** the elements for a claim for breach of contract or anticipatory breach of contract. (*Id.* at 8 ("plaintiff usually must allege")). "To *allege* is formally to state a matter of fact as being true or provable, without yet having proved it." Bryan A. Garner, *Garner's Dictionary of Legal Usage* 44 (3d ed. 2011). And, just as in the shell game, the Diocese then begins shuffling the walnut shells, hiding the location of the pea.

Pointing to the *absence* of signatures on the Settlement Agreement and the *presence* of conditions precedent to the Settlement Agreement Effective Date, the Diocese argues that CNA

7

cannot "establish" the existence of a contract between the parties. (ECF AP No. 9 at 9-11). Of course "establish" means "to put beyond doubt: PROVE." Merrian-Webster, *Merriam-Webster.com Dictionary*, https://www.merriam-webster.com/dictionary/establish (last visited Feb. 27, 2024). And "prove" means "to establish a fact or hypothesis as true by satisfactory and sufficient evidence." *Black's Law Dictionary* 1102 (5th ed. 1979). The motion then offers a *tour de force* on New York law concerning conditions precedent to contract formation or contract performance, repeatedly arguing that CNA "cannot establish," "failed to prove," and "cannot prove" formation or contract performance.[2] (ECF AP No. 9 at 8-21).

"New York contract law recognizes two distinct types of conditions precedent . . . . On the one hand, conditions precedent to performance 'describe acts or events which must occur before a party is obliged to perform a promise made pursuant to an existing contract.' On the other hand, 'condition[s] precedent to the formation or existence of the contract itself' are conceptually distinct, and 'no contract arises unless and until the condition occurs.'" *Kortright Capital Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 680 (S.D.N.Y. 2018) (quoting *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 660 N.E.2d 415, 418 (N.Y. 1995)).

The Diocese's motion argues that the Settlement Agreement expresses "clear written intent" that formation of a contract was subject to conditions precedent occurring. (ECF No. 9 at 10). That position is belied by the Diocese then arguing "Court approval of the . . . Settlement Agreement is a specific condition precedent that was required to occur *before any duty **to perform** arose*." (*Id.* at 14 (emphasis added)). In an attempt to support its position, the Diocese points to the existence of facts concerning the parties' negotiations and the reasoning behind the manner

---

[2] The motion makes almost no mention of the second cause of action in the CNA Complaint for anticipatory breach of contract, the elements of which are not the same as those necessary to allege a breach of contract.

8

Case 2-23-02014-PRW, Doc 22, Filed 03/03/24, Entered 03/04/24 00:30:37, Description: Imaged Certificate of Notice, Page 10 of 12

in which the Settlement Agreement was drafted. The existence or nonexistence of facts beyond those alleged in the Complaint is not properly before the Court in ruling on a motion to dismiss under Rule 12(b)(6). Whether the conditions precedent in the Settlement Agreement are as to "formation" or "performance" is ambiguous, as is demonstrated by the Diocese's evident confusion over what exactly the conditions precedent in the Settlement Agreement mean. "Where ambiguity exists, the question of whether a given contractual provision qualifies as a condition precedent [to formation or performance] is an inappropriate determination at the pleading stage." *Galante v. Ocwen Loan Servicing LLC*¸ No. ELH-13-1939, 2014 U.S. Dist. LEXIS 98049, at *45 (D. Md. July 18, 2024) (internal quotation marks omitted) (quoting *Azimirad v. HSBC Mortg. Corp.*, No. DKC 10-2853, 2011 U.S. Dist. LEXIS 40080, at *11 (D. Md. Apr. 12, 2011)).

## IV.

## CONCLUSION

The Court finds that CNA has adequately pled causes of action for breach of contract and anticipatory breach of contract in its Complaint. The motion of the Diocese to dismiss the Complaint under Rule 12(b)(6) FRCP is **DENIED**.

The parties are directed as follows:

1) The Diocese is to file and serve its Answer to the Complaint within 20 days from the date of this Decision.

2) Counsel to the parties are to meet and confer to agree upon a proposed discovery plan and proposed trial schedule. The Court anticipates conducting a trial in advance of a contested confirmation hearing. The Court will issue a trial scheduling order after considering the parties' proposed discovery plan and proposed trial schedules.

Case 2-23-02014-PRW, Doc 22, Filed 03/03/24, Entered 03/04/24 00:30:37, Description: Imaged Certificate of Notice, Page 11 of 12

3) The CNA § 503 Administrative Claim (ECF BK No. 2314) and CNA's Motion for Estimation of its administrative claim (ECF BK No. 2453) are necessarily subsumed with the trial of this Adversary Proceeding. The Court expects that the parties' proposed discovery plan and proposed trial schedule will also address the manner in which they propose to present to the Court the issues related to estimation of CNA's alleged § 503 claim.

4) The Court will hold a Rule 16 Conference with counsel shortly after receiving the proposed discovery plan and proposed trial schedule.

**IT IS SO ORDERED.**

DATED: March 1, 2024  /s/
Rochester, New York  HON. PAUL R. WARREN
United States Bankruptcy Judge

10

Case 2-23-02014-PRW, Doc 22, Filed 03/03/24, Entered 03/04/24 00:30:37, Description: Imaged Certificate of Notice, Page 12 of 12