UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF ROCHESTER,<br><br>          Debtor. | Case No. 19-20905<br>Chapter 11 Case |
| THE CONTINENTAL INSURANCE COMPANY, successor by merger to Commercial Insurance Company of Newark, and Fireman's Insurance Company of Newark, New Jersey<br><br>          Plaintiff,<br>  v.<br><br>THE DIOCESE OF ROCHESTER,<br><br>          Defendant. | Adv. Proc. No.: 23-02014 |

**ANSWER OF THE DIOCESE OF ROCHESTER TO
THE ADVERSARY COMPLAINT OF
THE CONTINENTAL INSURANCE COMPANY**

Defendant The Diocese of Rochester (the "Diocese"), by and through its attorneys, Bond, Schoeneck & King, PLLC, answers the Complaint [Adv. Pro. 23-02014, Docket No. 1] (the "Complaint") of The Continental Insurance Company ("CNA") as follows:

**Introduction**

1. Denies the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that "Continental's settlement" has not been approved by the Court.

3. Denies the allegations contained in paragraph 3 of the Complaint.

**Parties**

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, accordingly, denies same.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

## Jurisdiction and Venue

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint state legal conclusions to which no answer is required. The Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

9. The allegations in paragraph 9 of the Complaint state legal conclusions to which no answer is required. The Diocese does not contest venue in this Court.

10. The allegations in paragraph 10 of the Complaint state legal conclusions to which no answer is required. The Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

11. The allegations in paragraph 11 of the Complaint state legal conclusions to which no answer is required.

## Background

12. Denies the allegations contained in paragraph 12 of the Complaint, except the Diocese admits that sexual abuse proofs of claim have been filed against the Diocese's bankruptcy estate and that Child Victims Act ("CVA") lawsuits were filed against the Diocese prior to the commencement of the Bankruptcy Case;

13. Denies the allegations of paragraph 13 of the Complaint, except the Diocese admits that it and other insured parties tendered to CNA sexual abuse proofs of claim and CVA lawsuits that fell within the coverage periods of CNA's liability insurance policies.

14. As to paragraph 14 of the Complaint, the Diocese admits that it filed an adversary complaint against CNA and other insurers, and refers the Court to that complaint for its true and correct contents.

15. Denies the allegations of paragraph 15 of the Complaint, except the Diocese admits that CNA has failed to acknowledge and fulfill its coverage obligations under its policies in connection with the sexual abuse proofs of claim and CVA lawsuits filed against the Diocese and other insured parties.

16. Denies the allegations of paragraph 16 of the Complaint, except the Diocese admits that it engaged in settlement negotiations with CNA during, as part of and in connection with the mediation ordered by the Court.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint, except admits that Exhibit A to the Complaint is a copy of the unexecuted, nonbinding and unenforceable Settlement Agreement, Release and Policy Buyback (the "Proposed CNA Settlement Agreement").

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. As to paragraph 28 of the Complaint, the Diocese admits to filing the referenced documents; refers to those documents for their true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

29. As to paragraph 29 of the Complaint, the Diocese admits to filing the referenced document; refers to that document for its true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

30. As to paragraph 30 of the Complaint, the Diocese admits to filing the referenced document; refers to that document for its true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and, accordingly, denies same.

32. Denies the allegations contained in paragraph 32 of the Complaint, except the Diocese admits entering into a Restructuring Support Agreement ("RSA") with the Official Committee of Unsecured Creditors (the "Committee") and refers to that document for its true and correct contents.

33. Denies the allegations contained in paragraph 33 of the Complaint, except the Diocese admits entering into the RSA with the Committee and refers to that document for its true and correct contents. The Diocese denies any allegations inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action.

4

17391978
Case 2-23-02014-PRW, Doc 25, Filed 03/07/24, Entered 03/07/24 16:47:57, Description: Main Document, Page 4 of 11

34. As to paragraph 34 of the Complaint, the Diocese refers to the RSA for its true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

35. As to paragraph 35 of the Complaint, the Diocese refers to the RSA for its true and correct contents; denies any allegations inconsistent with that document; and otherwise denies the allegations of said paragraph.

36. As to paragraph 36 of the Complaint, the Diocese admits to filing the referenced documents; refers to those documents for their true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

37. As to paragraph 37 of the Complaint, the Diocese denies that it has an obligation to file a "Conforming Plan," and otherwise denies the allegations of this paragraph.

38. As to paragraph 38 of the Complaint, the Diocese refers to the referenced documents for their true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

39. As to paragraph 39 of the Complaint, the Diocese refers to the referenced documents for their true and correct contents; denies any allegations inconsistent with those documents; and the Diocese denies that there is any factual or legal basis for any of CNA's claims in this action.

40. The allegations in paragraph 40 of the Complaint state legal conclusions to which no answer is required. To the extent an answer is required, the Diocese denies the allegations in paragraph 40 of the Complaint in the form alleged and refers all questions of law to the Court.

5

17391978
Case 2-23-02014-PRW, Doc 25, Filed 03/07/24, Entered 03/07/24 16:47:57, Description: Main Document, Page 5 of 11

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations in paragraph 43 of the Complaint contain a characterization of CNA's claims and conclusions of law to which no response is required. To the extent an answer is required, the Diocese denies the allegations in paragraph 40 of the Complaint in the form alleged and refers all questions of law to the Court.

## Count I
## Breach of Contract

44. In response to paragraph 44 of the Complaint, the Diocese repeats and realleges its responses to the allegations incorporated by reference in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. As to paragraph 46 of the Complaint, the Diocese refers to its *Motion to Approve Proposed Insurance Settlements to Fund Survivor Compensation Trust* [Docket No. 1538] (the "Rule 9019 Motion") for its true and correct contents; avers that the Court has not ruled on said Motion; and otherwise denies the allegations of this paragraph.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint, except admits that CNA filed a Chapter 11 Plan of Reorganization for the Diocese of Rochester at Docket No. 2214 in the Bankruptcy Case.

61. Denies the allegations contained in paragraph 61 of the Complaint.

### Response to CNA's Prayer for Relief for Count I

Paragraphs A-D of Count I contain statements of relief CNA seeks and/or legal conclusions to which no response is required. To the extent a response is required, the Diocese denies that CNA is entitled to any of its requested relief.

### Count II
### Anticipatory Breach of Contract

62. In response to paragraph 62 of the Complaint, the Diocese repeats and realleges its responses to the allegations incorporated by reference in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. As to paragraph 64 of the Complaint, the Diocese refers to its Rule 9019 Motion for its true and correct contents; avers that the Court has not ruled on said motion; and otherwise denies the allegations of this paragraph.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

67. Denies the allegations contained in paragraph 67 of the Complaint.

68. Denies the allegations contained in paragraph 68 of the Complaint.

7

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

**Response to CNA's Prayer for Relief for Count II**

Paragraphs A-D of Count II contain statements of relief CNA seeks and/or legal conclusions to which no response is required. To the extent a response is required, the Diocese denies that CNA is entitled to any of its requested relief.

**General Denial**

The Diocese denies any allegations of the Complaint that are not specifically admitted or otherwise denied herein, and the Diocese specifically denies that CNA is entitled to any of the relief sought in the Complaint. The Diocese expressly reserves the right to amend or supplement this Answer, including, but not limited to, the affirmative defenses set forth herein.

**Affirmative Defenses**

The Diocese asserts the following affirmative defenses without assuming any burden of proof or persuasion not imposed on it by applicable law.

8

17391978
Case 2-23-02014-PRW, Doc 25, Filed 03/07/24, Entered 03/07/24 16:47:57, Description: Main Document, Page 8 of 11

**First Affirmative Defense**

The Complaint fails to state a cause of action upon which relief may be granted.

**Second Affirmative Defense**

CNA's claims are barred by documentary evidence.

**Third Affirmative Defense**

CNA is not entitled to any relief herein because the conditions precedent to the formation and enforceability of the Proposed CNA Settlement Agreement, including, without limitation, that it is not signed by the Diocese or by any of the more than one hundred Diocese Participating Parties nor has it been approved by the Court, have not and cannot be satisfied.

**Fourth Affirmative Defense**

CNA is not entitled to any relief herein because the conditions precedent to the Diocese's purported obligation to perform under the Proposed CNA Settlement Agreement have not and cannot be satisfied.

**Fifth Affirmative Defense**

Even if it is determined than an agreement was formed, the purported obligations of the Diocese to perform under the Proposed CNA Settlement Agreement were nullified by the Diocese's termination pursuant to Section 5.2 of that document.

**Sixth Affirmative Defense**

CNA is barred from recovery under its Complaint as the Diocese has not breached any terms of any agreements between the parties.

**Seventh Affirmative Defense**

CNA has suffered no economic loss and, upon information and belief, has failed to mitigate or reduce its damages and losses that are alleged in the Complaint.

**Eighth Affirmative Defense**

CNA's claims and/or damages are barred, in whole or in part, because it has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint.

**Ninth Affirmative Defense**

Any alleged injury and/or damages incurred by CNA, which the Diocese neither recognizes nor acknowledges, were incurred as a result of CNA's own culpable conduct.

**Tenth Affirmative Defense**

CNA's claims are speculative, uncertain and/or contingent damages that have not accrued and are not recoverable.

**Eleventh Affirmative Defense**

CNA's claims should be dismissed as they are moot.

**Twelfth Affirmative Defense**

CNA's claims should be dismissed as they are not ripe for adjudication.

**Thirteenth Affirmative Defense**

CNA's claims are barred by the relevant provisions of the Bankruptcy Code.

**Fourteenth Affirmative Defense**

The Diocese's actions were not the proximate cause or cause in fact of any injury to or alleged loss by CNA.

**Fifteenth Affirmative Defense**

CNA's claims are barred by its repudiation of the Proposed CNA Settlement Agreement by the filing of the *Continental Insurance Company's Chapter 11 Plan of Reorganization for the Diocese of Rochester* and any amendments or supplements thereto.

**Sixteenth Affirmative Defense**

The Diocese presently has insufficient knowledge or information upon which to form a belief whether it may have additional, as yet unstated, affirmative defenses and therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

**WHEREFORE**, the Diocese respectfully requests that the Court enter a judgment: (i) dismissing the Complaint, including each and every claim set forth therein, with prejudice; (ii) denying any of the relief sought in the Complaint; (iii) granting the Diocese costs of suit, including all reasonable attorneys' fees and costs; and (iv) granting the Diocese such other and further relief as the Court deems just and proper.

Dated: March 7, 2024
       Syracuse, New York        BOND, SCHOENECK & KING, PLLC

By:   /s/ Stephen A. Donato
      Stephen A. Donato, Esq.
      Charles J. Sullivan, Esq.
      Grayson T. Walter, Esq.
      Office and Post Office Address:
      One Lincoln Center
      Syracuse, New York 13202
      Tel: (315) 218-8000
      Fax: (315) 218-8100
      Email: sdonato@bsk.com
             csullivan@bsk.com
             gwalter@bsk.com