UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF ROCHESTER,

                      Debtor.

Case No. 19-20905
Chapter 11 Case

THE CONTINENTAL INSURANCE COMPANY, successor by merger to Commercial Insurance Company of Newark, and Fireman's Insurance Company of Newark, New Jersey

                      Plaintiff,

v.

THE DIOCESE OF ROCHESTER,

                      Defendant.

Adv. Proc. No.: 23-02014

Pursuant to the Order of Honorable Paul R. Warren, U.S.B.J., dated March 11, 2024, the parties submit the following Proposed Discovery Plan in advance of the telephonic Rule 16(b) conference with the Court scheduled for April 12, 2024, at 11:00 a.m. This Proposed Discovery Plan applies only to the above-captioned adversary proceeding.

    1.    Pursuant to Rule 26(f) FRCP/Rule 7026 FRBP, meetings were held on March 27 and 29, 2024 by telephone and conducted by counsel for each of the parties to the above-referenced actions and counsel for the Official Committee of Unsecured Creditors of The Diocese of Rochester (the "Committee").

    2.    The Committee may intervene as a defendant in the adversary proceeding. The Committee shall file an answer to Plaintiff's complaint by April 8, 2024.

    3.    Compliance with the mandatory disclosure requirements found in Rule 26(a)(1) will be completed by no later than April 19, 2024. The parties have no objections regarding initial disclosure requirements.

4. Document productions responsive to previously issued demands shall be substantially completed on or before April 8, 2024.

5. All fact discovery shall be completed no later than May 17, 2024.

6. If a discovery dispute arises regarding the production of documents, and the parties are unable to resolve the dispute through a meet-and-confer process, the party seeking relief shall initially advise the Court of the dispute via letter (with a copy to opposing counsel). Upon review of the letter, the Court will schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the party seeking relief will have the opportunity to file a formal motion to compel, which absent further order of the Court shall be filed no later than April 22, 2024. The Court may reset discovery and other deadlines as part of its resolution of a motion to compel.

7. The same process shall be followed with respect to any dispute regarding depositions. If such a dispute is not resolved informally following a conference with the Court, the party seeking relief will have the opportunity to file a formal motion to compel, which absent further order of the Court shall be filed no later than ten days after the completion of the deposition.

8. The parties shall: identify any expert witnesses and topics on or before April 26, 2024; identify rebuttal expert witnesses and topics on or before May 6, 2024; provide any reports pursuant to Rule 26(a)(2) no later than May 27, 2024; and provide rebuttal expert reports on or before June 3, 2024. All expert depositions shall be completed no later than June 17, 2024.

9. A pre-motion conference is required prior to the filing of a motion for summary judgment. To request a pre-motion conference, the proposed movant shall, on or before June 27, 2024, file a letter with the Court informing the Court of the basis for the anticipated motion for summary judgment. Opposition letters shall be submitted within 5 business days after receipt of

the proposed movant's letter. The Court will promptly determine whether to hold a pre-motion conference in the matter. The Court will set the briefing schedule at the pre-motion conference as applicable.

10. The parties previously mediated the matters raised in these actions. The parties have agreed to an additional mediation session during July 2024 with Paul J. Van Osselaer.

11. If a pre-motion conference is not held by the Court, then, subject to the Court's calendar and availability, the Court shall schedule a trial on CNA's adversary complaint during the week of July 22, 2024.

12. Any of the dates in this Order may be reset by the Court upon agreement of the parties or if a party files a motion establishing good cause.

Dated: April 2, 2024

BOND, SCHOENECK & KING, PLLC


By:   s/ Stephen A. Donato
Stephen A. Donato
Charles J. Sullivan
Grayson T. Walter
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Emails:     sdonato@bsk.com
             csullivan@bsk.com
             gwalter@bsk.com

*Attorneys for The Diocese of Rochester*

PACHULSKI STANG ZIEHL & JONES LLP

By:   s/ Ilan D. Scharf
James I. Stang (admitted pro hac vice)
Ilan D. Scharf
Iain A.W. Nasatir
Brittany M. Michael
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: jstang@pszjlaw.com
Email: ischarf@pszjlaw.com
Email: inasatir@pszjlaw.com
Email: bmichael@pszjlaw.com

*Counsel for the Official Committee*
*of Unsecured Creditors of The Diocese of Rochester*


BARCLAY DAMON LLP

By:   s/ Mark D. Plevin
Jeffrey A. Dove
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202
Telephone: (315) 413-7112
Facsimile: (315) 703-7346
jdove@barclaydamon.com

Mark D. Plevin
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Telephone: (415) 986-2800
mplevin@crowell.com

David Christian
DAVID CHRISTIAN ATTORNEYS LLC
105 West Madison Street, Suite 2300
Chicago, Illinois 60602
Telephone: (312) 282-5282
dchristian@dca.law

Miranda H. Turner
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
mturner@crowell.com

*Attorneys for The Continental Insurance Company, successor by merger to Commercial Insurance Company of Newark, New Jersey and Firemen's Insurance Company of Newark, New Jersey*