**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>The Diocese of Rochester,<br><br>      Debtor. | Case No. 19-20905<br><br>Chapter 11 |
| THE CONTINENTAL INSURANCE COMPANY, successor by merger to `Commercial Insurance Company of Newark, New Jersey, and Firemen's Insurance Company of Newark, New Jersey,<br><br>      Plaintiff,<br><br>      v.<br><br>THE DIOCESE OF ROCHESTER,<br><br>      Defendant<br><br>      *and*<br><br>THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br>      Intervenor-Defendant. | Adversary Proceeding No.: 23-02014 |

**ANSWER IN INTERVENTION OF
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO THE ADVERSARY COMPLAINT OF
THE CONTINENTAL INSURANCE COMPANY**

Intervenor-Defendant the Official Committee of Unsecured Creditors (the "Committee"), by and through its attorneys, Pachulski Stang Ziehl & Jones LLP, answers the Complaint [Adv. Pro. 23-02014, Docket No. 1] (the "Complaint") of The Continental Insurance Company ("CNA") against the Diocese of Rochester (the "Diocese") as follows:

1

## Introduction

1. Denies the allegations contained in paragraph 1 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that "Continental's settlement" has not been approved by the Court.

3. Denies the allegations contained in paragraph 3 of the Complaint.

## Parties

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, accordingly, denies same.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint.

## Jurisdiction and Venue

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. States that the allegations in paragraph 8 of the Complaint state legal conclusions to which no answer is required. The Committee denies that there is any factual or legal basis for any of CNA's claims in this action. The Committee asserts that jurisdiction of certain matters related to or underlying CNA's theories of liability and/or damages in the adversary proceeding are outside the jurisdiction of this Court.

9. States that the allegations in paragraph 9 of the Complaint state legal conclusions to which no answer is required. The Committee denies that there is any factual or legal basis for any of CNA's claims in this action. The Committee asserts that certain matters related to or underlying CNA's theories of liability and/or damages in the adversary proceeding may only be properly adjudicated in a different court.

10. States that the allegations in paragraph 10 of the Complaint state legal conclusions to which no answer is required. The Committee denies that there is any factual or legal basis for any of CNA's claims in this action.

11. States that the allegations in paragraph 11 of the Complaint state legal conclusions to which no answer is required. The Committee asserts that certain matters related to or underlying CNA's theories of liability and/or damages in the adversary proceeding may only be properly adjudicated in a different court, and as such does not consent to entry of final orders and judgments by the Bankruptcy Court at this time.

### Background

12. Admits the allegations of paragraph 12 of the Complaint.

13. Denies the allegations of paragraph 13 of the Complaint, except states that the Diocese states that it and other insured parties tendered to CNA sexual abuse proofs of claim and CVA lawsuits that fell within the coverage periods of CNA's liability insurance policies.

14. As to paragraph 14 of the Complaint, admits that the Diocese filed an adversary complaint against CNA and other insurers, and refers the Court to that complaint for the allegations therein.

15. Denies the allegations of paragraph 15 of the Complaint, except states that the Diocese admits that CNA has failed to acknowledge and fulfill its coverage obligations under its policies in connection with the sexual abuse proofs of claim and CVA lawsuits filed against the Diocese and other insured parties.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and on that basis denies them, except states that the Diocese admits that it engaged in settlement negotiations with CNA during, as part of, and in connection with the mediation ordered by the Court, and states that the Committee had no knowledge of the Diocese's conduct of settlement negotiations with CNA.

17. Denies the allegations contained in paragraph 17 of the Complaint .

18. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 18 of the Complaint, and on that basis denies them, except admits that Exhibit A to the Complaint is a copy of what the Diocese states to be the unexecuted, nonbinding, and unenforceable Settlement Agreement, Release and Policy Buyback (the "Proposed CNA Settlement Agreement").

19. Denies knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies them.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies them.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and on that basis denies them.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and on that basis denies them.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and on that basis denies them.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and on that basis denies them.

28. As to paragraph 28 of the Complaint, the Committee admits that the Diocese filed the referenced documents. The Committee denies that the filed documents are enforceable or could or would be properly approved by the Court.

29. As to paragraph 29 of the Complaint, the Committee admits that the Diocese filed the referenced document; refers to that document for its contents; denies any allegations

inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action. The Committee denies that the Insurance Settlement Motion is or was enforceable or could or would be properly approved by the Court. Paragraph 29 also calls for legal conclusions as to which no answer is required.

30. As to paragraph 30 of the Complaint, the Committee admits that the Diocese filed the referenced document; refers to that document for its true and correct contents; denies any allegations inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action. The Committee denies that the Insurance Settlement Motion is or was enforceable or could or would be properly approved by the Court. Paragraph 30 also calls for legal conclusions as to which no answer is required. To the extent an answer is required, the Committee denies the allegations in paragraph 30 of the Complaint in the form alleged and refers all questions of law to the Court.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and on that basis denies them.

32. Denies the allegations contained in paragraph 32 of the Complaint, except admits that the Diocese entered into a Restructuring Support Agreement ("RSA") with the Committee and refers to that document for its true and correct contents.

33. Denies the allegations contained in paragraph 33 of the Complaint, except the Committee admits that the Diocese entered into the RSA with the Committee and refers to that document for its true and correct contents. The Committee denies any allegations inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action.

34. As to paragraph 34 of the Complaint, the Committee refers to the RSA for its true and correct contents; denies any allegations inconsistent with those documents; and denies

that there is any factual or legal basis for any of CNA's claims in this action.

35. As to paragraph 35 of the Complaint, the Committee refers to the RSA for its true and correct contents; denies any allegations inconsistent with that document; and otherwise denies the allegations of said paragraph.

36. As to paragraph 36 of the Complaint, the Committee admits to the filing of the referenced documents; refers to those documents for their true and correct contents; denies any allegations inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action.

37. As to paragraph 37 of the Complaint, the Committee denies that the Diocese has an obligation to file a "Conforming Plan." Paragraph 37 also calls for legal conclusions as to which no answer is required. To the extent an answer is required, the Committee denies the allegations in paragraph 37 of the Complaint in the form alleged and refers all questions of law to the Court.

38. As to paragraph 38 of the Complaint, the Committee refers to the referenced documents, as the same may have been or may be amended, for their true and correct contents; denies any allegations inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action.

39. As to paragraph 39 of the Complaint, the Diocese refers to the referenced documents, as the same may have been or may be amended, for their true and correct contents; denies any allegations inconsistent with those documents; and denies that there is any factual or legal basis for any of CNA's claims in this action. Paragraph 39 also calls for legal conclusions as to which no answer is required. To the extent an answer is required, the Committee denies the allegations in paragraph 39 of the Complaint in the form alleged and refers all questions of law to the Court.

40. The allegations in paragraph 40 of the Complaint state legal conclusions to which no answer is required. To the extent an answer is required, the Committee denies the allegations in paragraph 40 of the Complaint in the form alleged and refers all questions of law to the Court.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. The allegations in paragraph 43 of the Complaint contain a characterization of CNA's claims and conclusions of law to which no response is required. To the extent an answer is required, the Committee denies the allegations in paragraph 43 of the Complaint in the form alleged and refers all questions of law to the Court.

**Count I**
**Breach of Contract**

44. In response to paragraph 44 of the Complaint, the Committee repeats and realleges its responses to the allegations incorporated by reference in paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and on that basis denies them.

46. As to paragraph 46 of the Complaint, the Committee refers to the Diocese's *Motion to Approve Proposed Insurance Settlements to Fund Survivor Compensation Trust* [Docket No. 1538] (the "Rule 9019 Motion") for its contents; avers that the Court has not ruled on said Motion; and otherwise denies the allegations of this paragraph. The Committee denies that the filed documents are enforceable or could or would be properly approved by the Court.

47. The allegations in paragraph 47 of the Complaint contain a characterization of CNA's claims and conclusions of law to which no response is required. To the extent an answer is required, the Committee denies the allegations in paragraph 47 of the Complaint in

the form alleged and refers all questions of law to the Court.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and on that basis denies them.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint, except admits that CNA filed a Chapter 11 Plan of Reorganization for the Diocese of Rochester at Docket No. 2214 in the Bankruptcy Case.

61. Denies the allegations contained in paragraph 61 of the Complaint.

**Response to CNA's Prayer for Relief for Count I**

Paragraphs A-D of Count I contain statements of relief CNA seeks and/or legal conclusions to which no response is required. To the extent a response is required, the Committee denies that CNA is entitled to any of its requested relief.

**Count II**
**Anticipatory Breach of Contract**

62. In response to paragraph 62 of the Complaint, the Committee repeats and

realleges its responses to the allegations incorporated by reference in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, and on that basis denies them.

64. As to paragraph 64 of the Complaint, the Committee refers to the Rule 9019 Motion for its contents; avers that the Court has not ruled on said motion; and otherwise denies the allegations of this paragraph. The Committee denies that the filed documents are enforceable or could or would be properly approved by the Court.

65. The allegations in paragraph 65 of the Complaint contain a characterization of CNA's claims and conclusions of law to which no response is required. To the extent an answer is required, the Committee denies the allegations in paragraph 65 of the Complaint in the form alleged and refers all questions of law to the Court.

66. Denies the allegations contained in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, and on that basis denies them.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, and on that basis denies them.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

78. Denies the allegations contained in paragraph 78 of the Complaint.

**Response to CNA's Prayer for Relief for Count II**

Paragraphs A-D of Count II contain statements of relief CNA seeks and/or legal conclusions to which no response is required. To the extent a response is required, the Committee denies that CNA is entitled to any of its requested relief.

**General Denial**

The Committee denies any allegations of the Complaint that are not specifically admitted or otherwise denied herein, and the Committee specifically denies that CNA is entitled to any of the relief sought in the Complaint. The Committee expressly reserves the right to amend or supplement this Answer, including, but not limited to, the affirmative defenses set forth herein.

**Affirmative Defenses**

The Committee asserts the following affirmative defenses without assuming any burden of proof or persuasion not imposed on it by applicable law.

**First Affirmative Defense**

The Complaint fails to state a cause of action upon which relief may be granted.

**Second Affirmative Defense**

CNA's claims are barred by documentary evidence.

**Third Affirmative Defense**

CNA is not entitled to any relief herein because the conditions precedent to the formation and enforceability of the Proposed CNA Settlement Agreement, including, without limitation, that it is not signed by the Diocese or by any of the more than one hundred Diocese Participating Parties nor has it been approved by the Court, have not and cannot be satisfied.

**Fourth Affirmative Defense**

CNA is not entitled to any relief herein because the conditions precedent to the Diocese's purported obligation to perform under the Proposed CNA Settlement Agreement have not and cannot be satisfied.

**Fifth Affirmative Defense**

Even if it is determined than an agreement was formed, the purported obligations of the Diocese to perform under the Proposed CNA Settlement Agreement were nullified by the Diocese's termination pursuant to Section 5.2 of that document.

**Sixth Affirmative Defense**

CNA is barred from recovery under its Complaint as the Diocese has not breached any terms of any agreements between the parties.

**Seventh Affirmative Defense**

CNA has suffered no economic loss and, upon information and belief, has failed to mitigate or reduce its damages and losses that are alleged in the Complaint.

**Eighth Affirmative Defense**

CNA's claims and/or damages are barred, in whole or in part, because it has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint.

**Ninth Affirmative Defense**

Any alleged injury and/or damages incurred by CNA, which the Committee neither recognizes nor acknowledges, were incurred as a result of CNA's own culpable conduct.

### Tenth Affirmative Defense

CNA's claims are speculative, uncertain and/or contingent damages that have not accrued and are not recoverable.

### Eleventh Affirmative Defense

CNA's claims should be dismissed as they are moot.

### Twelfth Affirmative Defense

CNA's claims should be dismissed as they are not ripe for adjudication.

### Thirteenth Affirmative Defense

CNA's claims are barred by the relevant provisions of the Bankruptcy Code.

### Fourteenth Affirmative Defense

The Diocese's actions were not the proximate cause or cause in fact of any injury to or alleged loss by CNA.

### Fifteenth Affirmative Defense

CNA's claims are barred by its repudiation of the Proposed CNA Settlement Agreement by the filing of the *Continental Insurance Company's Chapter 11 Plan of Reorganization for the Diocese of Rochester* and any amendments or supplements thereto.

### Sixteenth Affirmative Defense

CNA's claims are barred by the doctrine of unclean hands.

### Seventeenth Affirmative Defense

The Committee presently has insufficient knowledge or information upon which to form a belief whether it may have additional, as yet unstated, affirmative defenses and therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that additional affirmative defenses are appropriate.

**WHEREFORE**, the Committee respectfully requests that the Court enter a judgment: (i)

dismissing the Complaint, including each and every claim set forth therein, with prejudice; (ii) denying any of the relief sought in the Complaint; (iii) granting the Committee costs of suit, including all reasonable attorneys' fees and costs; and (iv) granting the Committee such other and further relief as the Court deems just and proper.

Dated: April 8, 2024
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Ilan D. Scharf*
James I. Stang (admitted *pro hac vice*)
Ilan D. Scharf
Iain A.W. Nasatir
Karen B. Dine
Jeffrey M. Dine
Brittany M. Michael
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: jstang@pszjlaw.com
ischarf@pszjlaw.com
inasatir@pszjlaw.com
kdine@pszjlaw.com
jdine@pszjlaw.com
bmichael@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*

and

Timothy W. Burns (admitted *pro hac vice*)
Jesse J. Bair (admitted *pro hac vice*)
**BURNS BAIR LLP**
10 E. Doty Street
Suite 600
Madison, WI 53703
Telephone: 608-286-2302
Email: tburns@burnsbair.com
jbair@burnsbair.com

*Special Insurance Counsel for the Official Committee of Unsecured Creditors*