UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:

    The Diocese of Rochester,                                Bankruptcy Case No. 19-20905
                                                      Chapter 11

                Debtor.

---

THE CONTINENTAL INSURANCE
COMPANY, successor by merger to
Commercial Insurance Company of Newark,
New Jersey, and Fireman's Insurance Company
of Newark, New Jersey

                Plaintiff,                         Adversary Proceeding No. 23-2014

    v.

The Diocese of Rochester,

              Defendant.

---

**DECISION AND ORDER DENYING MOTIONS *IN LIMINE***

PAUL R. WARREN, U.S.B.J.

      CNA filed three motions *in limine* directed at proposed expert reports or testimony to be offered at trial by the Committee, as follows: (1) motion *in limine* to exclude testimony relating to alleged violations of N.Y. Gen. Bus. Law and N.Y. Ins. Law (ECF AP No. 48)[1]; (2) motion *in limine* to exclude the opinions of Professor Tom Baker (ECF AP No. 49); (3) motion *in limine* to exclude the opinions of Katheryn McNally (ECF AP No. 50). Although the motions concern

---

[1]     This motion *in limine* is focused on a particular line of testimony that the Committee "has signaled" that Prof. Baker may seek to cover. Despite this subtle difference, it seems that a single motion concerning Prof. Baker's testimony would have sufficed.

two different experts, they raise substantially similar contentions. As a result, the motions will be addressed in a single decision.

Having carefully reviewed and considered the motions, the motions are **DENIED**.

# I.

# DISCUSSION

A. <u>Legal Standard to Be Applied</u>

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

> Motions in limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in questions should be excluded.

*Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (internal citations omitted).

When ruling on the admissibility of expert opinions, courts consider whether the expert is qualified in the relevant field and examine the methodology the expert used in reaching their conclusion. *See, e.g., Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153-54 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). The Court's role as a gatekeeper, under *Daubert*, is to prevent expert testimony from unduly

confusing or misleading a jury, which application is relaxed for bench trials. *Fletcher v. Doig*, 196 F. Supp. 3d 817, 820-21 (N.D. Ill. 2016). "It is not that evidence may be less reliable during a bench trial; it is that the court's gatekeeping role is necessarily different. Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) (citing *United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005)); *see also Fletcher*, 196 F. Supp. at 820-21). Rather than excluding expert testimony, the better approach under *Daubert* in a bench trial is to permit the expert testimony and allow "vigorous cross-examination, presentation of contrary evidence," and careful weighing on the burden of proof to test "shaky but admissible evidence." *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

**B. Application of Legal Standard to Motions**

The Court finds that CNA has failed to demonstrate that the Committee's experts should be precluded, at this stage, from providing opinions and testimony at trial.

1. Prof. Baker's Testimony

CNA asserts that Mr. Baker's report and testimony should be excluded because: (1) his testimony is not the proper subject for a rebuttal witness; (2) is based on speculation; (3) states legal conclusions; and (4) to the extent it relates to "Claims Handling Allegations," it is not relevant to the issues at trial. (ECF AP No. 48 & 49).

The Court cannot conclude at this stage that Prof. Baker's opinions are clearly inadmissible. CNA's arguments concerning Prof. Baker's conclusions go to the weight to be given to Prof. Baker's opinions and not to their admissibility. Therefore, CNA's motions *in limine* to preclude the opinion and testimony of Prof. Baker is **DENIED**.

2. <u>Ms. McNally's Testimony</u>

CNA asserts that Ms. McNally's report and testimony should be excluded because her testimony is not the proper subject for a rebuttal witness. Again, rather than splitting hairs about whether Ms. McNally's testimony is properly in the nature of rebuttal and excluding the testimony before trial, the Court finds that the weight to be given to Ms. McNally's opinions are best tested through cross-examination at trial.

Therefore, CNA's motion *in limine* to preclude the opinions and testimony of Ms. McNally is **DENIED**.

## II.

## CONCLUSION

CNA's three motions *in limine* (ECF AP Nos. 48, 49, 50) are **DENIED**. However, the Court is not making a determination or a ruling as to the admissibility of any expert testimony that may be offered at trial.

**IT IS SO ORDERED.**

Dated: July 22, 2024 _____/s/_____
      Rochester, New York     **HON. PAUL R. WARREN**
                                   United States Bankruptcy Judge